NO EMAIL PROVIDED

FILED

1   WILCOXEN, CALLAHAN, MONTGOMERY & DEACON
    DANIEL E. WILCOXEN, SBN: 054805        2009 MAR 24  PM 2: 59
2   WILLIAM M. LYONS, SBN: 042558
    DREW M. WIDDERS, SBN: 245439           CLERK, U.S. DISTRICT COURT
3   2114 K Street                          CENTRAL DIST. OF CALIF.
    Sacramento, CA 95816                           RIVERSIDE
4   Telephone: 916 442-2777                BY_____
    Facsimile: 916 442-4118
5
    Attorneys for Plaintiff
6   SEAN TILLMAN

7

8

                    UNITED STATES DISTRICT COURT
9
               FOR THE CENTRAL DISTRICT OF CALIFORNIA
10

11  SEAN TILLMAN,                    CV   **CV 09**Case Number: **02017** GW

12                Plaintiff,
                                     COMPLAINT FOR WRONGFUL
13       -vs.-                       DEATH, PRODUCTS LIABILITY,
                                     NEGLIGENCE, CONSTRUCTIVE
14  RENEE  TILLMAN aka RENEE         TRUST, INTERFERENCE WITH
    CHICINO;  RHEINGOLD, VALET,      PROSPECTIVE  ECONOMIC
15  RHEINGOLD,  SHKOLNIK  &          ADVANTAGE, and FRAUD
    McCARTNEY,    LLP;   PAUL
16  RHEINGOLD;  HUNTER   J.
    SHKOLNIK; FREIGHTLINER, LLC;     DEMAND FOR JURY TRIAL
17  and DOES 1 through 10, inclusive,

18                Defendants.
                                          FILED BY FAX
19  _____/         CRC 2005

20

21       Plaintiff SEAN TILLMAN hereby alleges as follows and demands a jury trial

22  as to the claims set forth below;

23                    **GENERAL ALLEGATIONS**

24  1.   Jurisdiction: The jurisdiction of this Court over the subject matter of this

25  action is predicated on 28 USC §1332, diversity of citizenship. The

26  plaintiff is a citizen of California. The defendants are citizens of Arizona

27  and New York. The amount in controversy exceeds $75,000.00, exclusive

28  of interest and costs.

                                   1

COMPLAINT FOR WRONGFUL DEATH, etc.

2. Venue is proper in the Central District of California because defendants are subject to personal jurisdiction in the district at the time the action is commenced, and a substantial part of the event and/or omissions giving rise to the claim occurred in this District.

3. The true names and capacities of defendants, and each of them, sued herein as DOES 1 to 10, inclusive, are presently unknown to plaintiff who therefore sues said defendants by such fictitious names, pursuant to Code of Civil Procedure §474. Plaintiff is informed and believes and thereon alleges that the fictitiously named defendants, and each of them, are strictly, negligently or in some manner legally responsible to plaintiff for the events and happenings herein referred to and proximately caused damages to plaintiff as set forth herein. Plaintiff will seek leave of court to amend this Complaint to insert the true names and capacities of said fictitiously named defendants, and each of them, when the same have been ascertained.

4. Plaintiff is informed and believes and thereon alleges that each of the defendants were the agent, partner, joint venturer, co-conspirator, lessor, lessee, and/or employee of each of the remaining defendants, and others named herein as DOE defendants, and in doing the acts or things alleged herein were acting within the course and scope of such agency, employment and/or other relationship stated herein and/or ratified the acts of one another.

5. At all times material herein, Defendants, FREIGHTLINER, LLC, a Delaware corporation, and DOES 1 to 5 were in the business of designing, manufacturing and supplying semi-trucks, including the truck at-issue, a 2001 Freightliner Century Class, integrated with a sleeper cab and no emergency exit (hereinafter collectively referred to as "The Product"), to the general public.

6. Defendant, RENEE TILLMAN, an Arizona citizen, and DOES 6 to 8, was

2

1    the alleged surviving spouse and heir of decedent, Timmy Wayne Tillman

2    who died on January 19, 2002, in the State of California, County of

3    Riverside.

4  7.  At all times material herein, Defendants, VALET, RHEINGOLD,

5    SHKOLNIK & McCARTNEY, LLP, a New York Limited Liability

6    Partnership, and DOES 9 to 10, are, and were at all times herein mentioned

7    a partnership authorized to do business and doing business in the County of

8    Riverside, State of California.

9  8.  At all times material herein, Defendants, PAUL RHEINGOLD, and

10    HUNTER J. SHKOLNIK were attorneys and New York citizens and are,

11    and were at all times herein mentioned partners in the partnership of

12    Defendants, RHEINGOLD, VALET, RHEINGOLD, SHKOLNIK &

13    McCARTNEY, LLP and DOES 9 to 10, were authorized to do business and

14    were doing business in the County of Riverside, State of California.

15  9.  At all times mentioned herein, Plaintiff SEAN TILLMAN was the son of the

16    decedent, Timmy Wayne Tillman and is a citizen of the State of California.

17                        **FIRST CLAIM**

18    **(Concealment as to RENEE TILLMAN; RHEINGOLD, VALET,**

19  **RHEINGOLD, SHKOLNIK & McCARTNEY, LLP; PAUL RHEINGOLD;**

20                **HUNTER J. SHKOLNIK)**

21  10.  Plaintiff incorporates by reference the allegations contained in the above

22    paragraphs, and each and every part thereof with the same force and effect

23    as though set out at length herein.

24  11.  Plaintiff alleges on information and belief that on or about January 17,

25    2003, Defendants RENEE TILLMAN, by and through her attorneys of

26    record, Defendants RHEINGOLD, VALET, RHEINGOLD, SHKOLNIK &

27    McCARTNEY, LLP; PAUL RHEINGOLD; HUNTER J. SHKOLNIK, and

28    DOES 9 to 10 filed a Complaint in the United States District Court, for the

WILCOXEN CALLAHAN MONTGOMERY & DEACON
2114 K Street, Sacramento, California 95816

3

WILCOXEN CALLAHAN MONTGOMERY & DEACON
2114 K Street, Sacramento, California 95816

1   Central District of California, Case No. 30-00078, for damages resulting for

2   the wrongful death of Timmy Wayne Tillman against FREIGHTLINER,

3   LLC.  They represented to the Court and to FREIGHTLINER, LLC, that

4   Defendants RENEE TILLMAN and DOES 6 to 8 were filing the lawsuit

5   individually and as successors in interest to the Estate of Timmy Wayne

6   Tillman.  Within said Complaint, they suppressed the fact that Timmy

7   Wayne Tillman was survived by his heir and son, Plaintiff SEAN

8   TILLMAN who, at the time of Timmy Wayne Tillman's death, was a minor.

9   12.  It is further alleged that Defendants RENEE TILLMAN and DOES 6 to 8

10       knew of Plaintiff SEAN TILLMAN's existence as being the son of Timmy

11       Wayne Tillman.  Further still, Defendant RENEE TILLMAN's attorneys,

12       Defendants RHEINGOLD, VALET, RHEINGOLD, SHKOLNIK &

13       McCARTNEY, LLP, PAUL RHEINGOLD, HUNTER J. SHKOLNIK and

14       DOES 9 to 10 knew, or should have known, of Plaintiff SEAN TILLMAN's

15       existence through RENEE TILLMAN and DOES 6 to 8 and/or through their

16       analysis of Timmy Wayne Tillman's personnel and payroll records, as well

17       as his Social Security records since, among other things, Timmy Wayne

18       Tillman's wages at the time of his death were garnished for the support of

19       the minor Plaintiff SEAN TILLMAN.

20   13.  At the time of the suppression of said facts, Defendants were under a duty to

21       disclose the fact of said lawsuit to Plaintiff SEAN TILLMAN as a necessary

22       party under CCP § 377.61 and/or FRCP 19.  Their failure to do so

23       potentially bars any claim by Plaintiff SEAN TILLMAN as against

24       Defendant FREIGHTLINER, LLC under California law.

25   14.  Plaintiff SEAN TILLMAN was unaware of the fact that a lawsuit had been

26       filed as he was not notified by Defendants RHEINGOLD, VALET,

27       RHEINGOLD, SHKOLNIK & McCARTNEY, LLP, PAUL RHEINGOLD,

28       HUNTER J. SHKOLNIK and DOES 9 to 10 or RENEE TILLMAN  and

**COMPLAINT FOR DAMAGES**

WILCOXEN CALLAHAN MONTGOMERY & DEACON
2114 K Street, Sacramento, California 95816

1    DOES 6 to 8.  Had Plaintiff been aware of said facts and/or had Defendants

2    appropriately joined Plaintiff to said lawsuit as required by CCP § 377.61

3    and/or FRCP 19, he would not have failed to act on any and all rights he had

4    as against Defendant FREIGHTLINER, LLC, for the wrongful death of his

5    father Timmy Wayne Tillman.  As a result of the concealment and/or

6    suppression of said material facts, Plaintiff has been damaged in that

7    Defendants were awarded a jury verdict of $8,010,000 plus costs.  As the

8    proximate result of the fraudulent conduct of the Defendants as herein

9    alleged, the Plaintiff has not been awarded any portion of the $8,010,000

10   judgment, nor any portion of the $4,010,368 judgment after a reduction of

11   said jury verdict by the Court of Appeals.

12   15.   The aforementioned conduct of defendants was an intentional and/or

13   otherwise wrongful misrepresentation or concealment of a material fact

14   known to defendants with the intention on the part of the defendants of

15   thereby depriving plaintiff of property and/or legal rights or otherwise

16   causing injury, and the conduct has subjected the Plaintiff to cruel and

17   unjust hardship in conscience disregard of the Plaintiff's right, so as to

18   justify an award of exemplary and punitive damages.

19   16.   As a direct and proximate result of the intentional, negligent and/or other

20   wrongdoing of defendants, and each of them, and the death of decedent

21   Timmy Wayne Tillman, Plaintiff SEAN TILLMAN has sustained pecuniary

22   losses and has been deprived of the loss of love, companionship, comfort,

23   affection, society, solace and moral and emotional support of said decedent,

24   in an amount in excess of the minimum jurisdiction of this court.  Plaintiff

25   will seek leave of court to amend this Complaint to set forth the amount of

26   said damages, according to proof at time of trial, together with interest

27   and/or prejudgment interest thereon at the legal lawful rate.

28   17.   As a further direct and proximate result of the intentional, negligent and/or

**COMPLAINT FOR DAMAGES**

1    other wrongdoing of defendants, and each of them, and the death of

2    decedent Timmy Wayne Tillman, Plaintiff SEAN TILLMAN has sustained

3    loss of financial support, earnings, services, support and financial benefit of

4    said decedent, in an amount in excess of the minimum jurisdiction of this

5    court. Plaintiff will seek leave of court to amend this Complaint to set forth

6    the amount of said damages, according to proof at time of trial, together

7    with interest and/or prejudgment interest thereon at the legal lawful rate.

8    18.  As a further direct and proximate result of the intentional, negligent and/or

9    other wrongdoing of defendants, and each of them, and the death of the

10   decedent Timmy Wayne Tillman, Plaintiff SEAN TILLMAN has also

11   sustained incidental and/or consequential damages in an amount presently

12   unknown. Plaintiff will seek leave of court to amend this Complaint to set

13   forth the amount of said damages, according to proof at trial, together with

14   interest and/or prejudgment interest thereon at the legal lawful rate.

15   19.  Plaintiff will further seek prejudgment interest on all items of damages

16   including economic and non-economic damages. These will include, but

17   are not limited to, past and future medical expenses, any lost wages, any and

18   all incidental expenses and compensatory damages, as permitted by law.

19                          **SECOND CLAIM**

20      **(Conspiracy as to RENEE TILLMAN, RHEINGOLD, VALET,**

21   **RHEINGOLD, SHKOLNIK & McCARTNEY, LLP, PAUL RHEINGOLD,**

22                       **HUNTER J. SHKOLNIK)**

23   20.  Plaintiff incorporates by reference the allegations contained in the above

24   paragraphs, and each and every part thereof with the same force and effect

25   as though set out at length herein.

26   21.  On or about 2002, Defendants RENEE TILLMAN,  and DOES 6 to 8,

27   RHEINGOLD, VALET, RHEINGOLD, SHKOLNIK & McCARTNEY,

28   LLP, PAUL RHEINGOLD, HUNTER J. SHKOLNIK ,and DOES 9 to 10

WILCOXEN CALLAHAN MONTGOMERY & DEACON
2114 K. Street, Sacramento, California 95816

6

1  entered into a written agreement whereby Defendants RHEINGOLD,

2  VALET, RHEINGOLD, SHKOLNIK & McCARTNEY, LLP, PAUL

3  RHEINGOLD, HUNTER J. SHKOLNIK and DOES 9 to 10 would

4  represent Defendant RENEE TILLMAN and DOES 6 to 8 in the case

5  against Defendant FREIGHTLINER, LLC, for the wrongful death of

6  Timmy Wayne Tillman.

7  22.  On or about said date or soon thereafter, Defendants, and each of them,

8  knowingly and willfully conspired and agreed upon themselves to damage

9  the Plaintiff by depriving him of his rights pursuant to said Complaint for

10  the wrongful death of decedent Timmy Wayne Tillman.

11  23.  Pursuant to such conspiracy, and in further thereof, Defendants, during the

12  periods of 2003 through 2008, did wrongfully pursue said Complaint and

13  obtain a judgment in the amount of $8,010,000 and a recovery in the amount

14  of approximately $4,010,368 in exclusion of Plaintiff SEAN TILLMAN,

15  who was a rightful heir under the wrongful death law in the State of

16  California.

17  24.  As a direct and proximate result of the intentional, negligent and/or other

18  wrongdoing of defendants, and each of them, and the death of decedent

19  Timmy Wayne Tillman, Plaintiff SEAN TILLMAN has sustained pecuniary

20  losses and has been deprived of the loss of love, companionship, comfort,

21  affection, society, solace and moral and emotional support of said decedent,

22  in an amount in excess of the minimum jurisdiction of this court. Plaintiff

23  will seek leave of court to amend this Complaint to set forth the amount of

24  said damages, according to proof at time of trial, together with interest

25  and/or prejudgment interest thereon at the legal lawful rate.

26  25.  As a further direct and proximate result of the intentional, negligent and/or

27  other wrongdoing of defendants, and each of them, and the death of

28  decedent Timmy Wayne Tillman, Plaintiff SEAN TILLMAN has sustained

WILCOXEN CALLAHAN MONTGOMERY & DEACON
2114 K Street, Sacramento, California 95816

7

1    loss of financial support, earnings, services, support and financial benefit of

2    said decedent, in an amount in excess of the minimum jurisdiction of this

3    court. Plaintiff will seek leave of court to amend this Complaint to set forth

4    the amount of said damages, according to proof at time of trial, together

5    with interest and/or prejudgment interest thereon at the legal lawful rate.

6    26.  As a further direct and proximate result of the intentional, negligent and/or

7    other wrongdoing of defendants, and each of them, and the death of the

8    decedent Timmy Wayne Tillman, Plaintiff SEAN TILLMAN has also

9    sustained incidental and/or consequential damages in an amount presently

10   unknown. Plaintiff will seek leave of court to amend this Complaint to set

11   forth the amount of said damages, according to proof at trial, together with

12   interest and/or prejudgment interest thereon at the legal lawful rate.

13   27.  Plaintiff will further seek prejudgment interest on all items of damages

14   including economic and non-economic damages. These will include, but

15   are not limited to, past and future medical expenses, any lost wages, any and

16   all incidental expenses and compensatory damages, as permitted by law.

17   See CCP §685.010(a) and CCP §3291.

18                              **THIRD CLAIM**

19   **(Constructive Trust as to RENEE TILLMAN, RHEINGOLD, VALET,**

20   **RHEINGOLD, SHKOLNIK & McCARTNEY, LLP, PAUL RHEINGOLD,**

21                       **HUNTER J. SHKOLNIK)**

22   28.  Plaintiff incorporates by reference the allegations contained in the above

23   paragraphs, and each and every part thereof with the same force and effect

24   as though set out at length herein.

25   29.  On or about September 5, 2008, Defendants RENEE TILLMAN, and DOES

26   6 to 8, and RHEINGOLD, VALET, RHEINGOLD, SHKOLNIK &

27   McCARTNEY, LLP, PAUL RHEINGOLD, HUNTER J. SHKOLNIK and

28   DOES 9 to 10 recovered approximately $4,010,368 as a result of the

WILCOXEN CALLAHAN MONTGOMERY & DEACON
2114 K Street, Sacramento, California 95816

8

1    wrongful death lawsuit against Defendant FREIGHTLINER, LLC, for the

2    death of Timmy Wayne Tillman.

3    30.   As an heir to decedent Timmy Wayne Tillman, Plaintiff SEAN TILLMAN

4          has a right to said property.

5    31.   Defendants have failed to convey Plaintiff's share of the property to him

6          and/or notify Plaintiff of said share of property.

7    32.   Plaintiff is informed and believes and thereon alleges Defendants

8          prosecuted said wrongful death action and excluded Plaintiff SEAN

9          TILLMAN with the intent to defraud Plaintiff and/or to forebear his claim

10         to said property and thereby acquire and keep the property to themselves.

11         By virtue of said fraudulent, negligent and/or other wrongful conduct,

12         defendants hold the property described above as a constructive trustee for

13         Plaintiff's benefit.  Plaintiff is informed and believes and thereon alleges

14         since approximately September 5, 2008, Defendants have caused and

15         continue to cause injury to the property and to Plaintiff's beneficial interests

16         thereon by committing waste of the property.  Plaintiff is further informed

17         and believes and thereon alleges that by virtue of Defendants' wrongful

18         acts, they hold said property in the amount of approximately $4,010,368 as a

19         constructive trustee for the benefit of Plaintiff.

20                              **THIRD CLAIM**

21         **(Strict Liability in Tort as to FREIGHTLINER, LLC)**

22   33.   Plaintiff incorporates by reference the allegations contained in the above

23         paragraphs, and each and every part thereof with the same force and effect

24         as though set out at length herein.

25   34.   At all times herein mentioned, Defendant FREIGHTLINER, LLC, and

26         DOES 1 to 5 knew and intended that The Product would be purchased by

27         members of the public and used by the purchasers and others without

28         inspection for defects.

WILCOXEN CALLAHAN MONTGOMERY & DEACON
2114 K Street, Sacramento, California 95816

9



35. The Product, including in particular, but not limited to, a 2001 Freightliner Century Class truck, integrated with a sleeper cab and no emergency exit was, at the time it was being operated by the decedent, defective and unsafe for its intended use.

36. On or about January 18, 2002, decedent was driving The Product on I-10 westbound in or around Indio, California. For unknown reasons, decedent Timmy Wayne Tillman crashed said product. Thereafter the fuel tanks ruptured and the front of the truck lit on fire. Decedent, Timmy Wayne Tillman had moved to the sleeper compartment of the truck due to the fire in the front area. A witness at the scene heard decedent banging on the skylight in the sleeper compartment of The Product. The Product, among other things, was not equipped with an emergency exit in the sleeper compartment. Timmy Wayne Tillman, unable to get out of said compartment, ultimately died.

37. As a direct and proximate result of the negligence and other wrongdoing of defendants, and each of them, and the death of decedent Timmy Wayne Tillman, Plaintiff SEAN TILLMAN has sustained pecuniary losses and has been deprived of the loss of love, companionship, comfort, affection, society, solace and moral and emotional support of said decedent, in an amount in excess of the minimum jurisdiction of this court. Plaintiff will seek leave of court to amend this Complaint to set forth the amount of said damages, according to proof at time of trial, together with interest and/or prejudgment interest thereon at the legal lawful rate.

38. As a further direct and proximate result of the negligence and other wrongdoing of defendants, and each of them, and the death of decedent Timmy Wayne Tillman, Plaintiff SEAN TILLMAN has sustained loss of financial support, earnings, services, support and financial benefit of said decedent, in an amount in excess of the minimum jurisdiction of this court.

WILCOXEN CALLAHAN MONTGOMERY & DEACON
2114 K Street, Sacramento, California 95816

10

Plaintiff will seek leave of court to amend this Complaint to set forth the amount of said damages, according to proof at time of trial, together with interest and/or prejudgment interest thereon at the legal lawful rate.

39. As a further direct and proximate result of the negligence and/or other wrongdoing of defendants, and each of them, and the death of the decedent Timmy Wayne Tillman, Plaintiff SEAN TILLMAN has also sustained incidental and/or consequential damages in an amount presently unknown. Plaintiff will seek leave of court to amend this Complaint to set forth the amount of said damages, according to proof at trial, together with interest and/or prejudgment interest thereon at the legal lawful rate.

40. Plaintiff will further seek prejudgment interest on all items of damages including economic and non-economic damages. These will include, but are not limited to, past and future medical expenses, any lost wages, any and all incidental expenses and compensatory damages, as permitted by law. See CCP §685.010(a) and CCP §3291.

## FOURTH CLAIM

### (Strict Products Liability - Failure to Warn as to FREIGHTLINER, LLC)

41. Plaintiff incorporates by reference the allegations contained in the above paragraphs, and each and every part thereof with the same force and effect as though set out at length herein.

42. At the time of the purchase of The Product, Defendants, FREIGHTLINER, LLC and DOES 1 to 5, represented to the public, through authorized sales presentations and/or brochures and/or manuals, and/or other informational materials, that The Product sold by Defendants FREIGHTLINER, LLC and DOES 1 to 5, and each of them, was safe for its intended use and of the highest quality. Defendants FREIGHTLINER, LLC and DOES 1 to 5, and each of them, failed to adequately warn decedent, Timmy Wayne Tillman, and/or decedent's employer, The Product was not safe for its intended use at

WILCOXEN CALLAHAN MONTGOMERY & DEACON
2114 K Street, Sacramento, California 95816

11

1    the time it was being operated by decedent.

2  43.  The Product purchased by decedent's employer, from Defendant,

3    FREIGHTLINER, LLC and DOES 1 to 5, and each of them, possessed a

4    defect in that inadequate warnings, if any, were given to the purchaser and/or

5    user concerning that The Product was not currently safe for its intended use

6    at the time it was being operated by decedent.

7  44.  Plaintiff is informed and believes and on that basis alleges that The Product

8    was defective in that, among other things, use of The Product in a reasonably

9    foreseeable manner involved a substantial danger that would not be

10    recognized by the ordinary user of the product, and Defendants,

11    FREIGHTLINER, LLC and DOES 1 to 5, knew or should have known of the

12    danger but failed to give adequate warning of such danger.  Defendants

13    FREIGHTLINER, LLC and DOES 1 to 5, and each of them, had a duty to

14    provide an adequate warning to the users, including decedent and decedent's

15    employer and/or, on how to use The Product in its unsafe state and/or to

16    promptly discontinue use since a reasonably foreseeable use of The Product

17    involved a substantial danger of which decedent should have been aware and

18    such danger would not be readily recognized by the ordinary user.

19  45.  As a direct and proximate result of the negligence and other wrongdoing of

20    defendants, and each of them, and the death of decedent Timmy Wayne

21    Tillman, Plaintiff SEAN TILLMAN has sustained pecuniary losses and has

22    been deprived of the loss of love, companionship, comfort, affection, society,

23    solace and moral and emotional support of said decedent, in an amount in

24    excess of the minimum jurisdiction of this court.  Plaintiff will seek leave of

25    court to amend this Complaint to set forth the amount of said damages,

26    according to proof at time of trial, together with interest and/or prejudgment

27    interest thereon at the legal lawful rate.

28  46.  As a further direct and proximate result of the negligence and other

12

ORIGINAL

WILCOXEN CALLAHAN MONTGOMERY & DEACON
2114 K Street, Sacramento, California 95816

1    wrongdoing of defendants, and each of them, and the death of decedent

2    Timmy Wayne Tillman, Plaintiff SEAN TILLMAN has sustained loss of

3    financial support, earnings, services, support and financial benefit of said

4    decedent, in an amount in excess of the minimum jurisdiction of this court.

5    Plaintiff will seek leave of court to amend this Complaint to set forth the

6    amount of said damages, according to proof at time of trial, together with

7    interest and/or prejudgment interest thereon at the legal lawful rate.

8    47.  As a further direct and proximate result of the negligence and/or other

9    wrongdoing of defendants, and each of them, and the death of the decedent

10   Timmy Wayne Tillman, Plaintiff SEAN TILLMAN has also sustained

11   incidental and/or consequential damages in an amount presently unknown.

12   Plaintiff will seek leave of court to amend this Complaint to set forth the

13   amount of said damages, according to proof at trial, together with interest

14   and/or prejudgment interest thereon at the legal lawful rate.

15   48.  Plaintiff will further seek prejudgment interest on all items of damages

16   including economic and non-economic damages. These will include, but are

17   not limited to, past and future medical expenses, any lost wages, any and all

18   incidental expenses and compensatory damages, as permitted by law.

19                              **FIFTH CLAIM**

20                   **(Negligence as to FREIGHTLINER, LLC)**

21   49.  Plaintiff incorporates by reference the allegations contained in the above

22   paragraphs, and each and every part thereof with the same force and effect as

23   though set out at length herein.

24   50.  Defendants, FREIGHTLINER, LLC, and DOES 1 to 5, as suppliers of The

25   Product owed a duty to the general public, and to decedent, Timmy Wayne

26   Tillman in particular, to use reasonable care to ensure that The Product sold

27   was fit for its intended use and complied with the qualities and

28   characteristics that they represented it had.

WILCOXEN CALLAHAN MONTGOMERY & DEACON
2114 K Street, Sacramento, California 95816

13

51. Defendants, FREIGHTLINER, LLC, and DOES 1 to 5, breached that duty when they sold The Product to decedent's employer in that, among other things, it possessed a defect such that The Product was not safe for its intended use.

52. Defendants, FREIGHTLINER, LLC, and DOES 1 to 5, as suppliers of a product and the use which it supplied, had a duty to use reasonable care to give warning of the dangerous condition of The Product or of facts which make it likely to be dangerous to those whom said defendants should expect to use The Product or be endangered by its probable use as decedent, Timmy Wayne Tillman and/or his employer, would not realize its dangerous condition.

53. Defendants, FREIGHTLINER, LLC, and DOES 1 to 5, failed to fulfill their duty to warn.

54. Because The Product would be dangerous if negligently made, FREIGHTLINER, LLC, and DOES 1 to 5, had a duty to exercise reasonable care in the design, manufacture, testing and inspection of The Product and in the testing and inspection of any part of The Product made by another so that the product could be safely used in the manner and for the purpose for which it was made. Defendants failed to fulfill this duty such that The Product had, among other things, a defect that posed a substantial danger, including but not limited to, death, that would not be recognized by the ordinary user of The Product, and Defendants FREIGHTLINER, LLC, and DOES 1 to 5.

55. Plaintiff is informed and believes and thereon alleges that Defendants, FREIGHTLINER, LLC and DOES 1 to 5, had reason to know that The Product was likely to be dangerously defective, in that it posed a substantial danger including, but not limited to, death, that would not be recognized by the ordinary user of The Product, and Defendants FREIGHTLINER, LLC, and DOES 1 to 5 and therefore had a duty to use reasonable care to inspect

14

and test The Product before selling it to members of the public, including decedent's employer. Said defendants failed to fulfill this duty, and the lack of such testing was a cause of the injuries and damages to plaintiff, referenced below.

56. As a direct and proximate result of the negligence and other wrongdoing of defendants, and each of them, and the death of decedent Timmy Wayne Tillman, Plaintiff SEAN TILLMAN has sustained pecuniary losses and has been deprived of the loss of love, companionship, comfort, affection, society, solace and moral and emotional support of said decedent, in an amount in excess of the minimum jurisdiction of this court. Plaintiff will seek leave of court to amend this Complaint to set forth the amount of said damages, according to proof at time of trial, together with interest and/or prejudgment interest thereon at the legal lawful rate.

57. As a further direct and proximate result of the negligence and other wrongdoing of defendants, and each of them, and the death of decedent Timmy Wayne Tillman, Plaintiff SEAN TILLMAN has sustained loss of financial support, earnings, services, support and financial benefit of said decedent, in an amount in excess of the minimum jurisdiction of this court. Plaintiff will seek leave of court to amend this Complaint to set forth the amount of said damages, according to proof at time of trial, together with interest and/or prejudgment interest thereon at the legal lawful rate..

58. As a further direct and proximate result of the negligence and/or other wrongdoing of defendants, and each of them, and the death of the decedent Timmy Wayne Tillman, Plaintiff SEAN TILLMAN has also sustained incidental and/or consequential damages in an amount presently unknown. Plaintiff will seek leave of court to amend this Complaint to set forth the amount of said damages, according to proof at trial, together with interest and/or prejudgment interest thereon at the legal lawful rate.

**COMPLAINT FOR DAMAGES**

59. Plaintiff will further seek prejudgment interest on all items of damages including economic and non-economic damages. These will include, but are not limited to, past and future medical expenses, any lost wages, any and all incidental expenses and compensatory damages, as permitted by law.

## SIXTH CLAIM

### (Breach of Express Warranty as to FREIGHTLINER, LLC)

60. Plaintiff incorporates by reference the allegations contained in the above paragraphs, and each and every part thereof with the same force and effect as though set out at length herein.

61. At the time Defendants FREIGHTLINER, LLC and DOES 1 to 5, represented to the purchasers, through authorized sales persons and/or instructional booklets and/or manuals, and/or other informational materials, that The Product sold by defendants was safe for their intended use.

62. Defendants FREIGHTLINER, LLC, and DOES 1 to 5, breached each expressed representation of warranty set forth in the above paragraph when they sold The Product that did not conform to the express description of the quality, characteristic or performance of the product; which was not reasonably suitable for the ordinary purposes for which it was used; and which did not reasonably conform to the promises or affirmations made by its salespeople or in its literature, by among other things, having a defect that caused and/or contributed to the death of decedent, Timmy Wayne Tillman.

63. As a direct and proximate result of the negligence and other wrongdoing of defendants, and each of them, and the death of decedent Timmy Wayne Tillman, Plaintiff SEAN TILLMAN has sustained pecuniary losses and has been deprived of the loss of love, companionship, comfort, affection, society, solace and moral and emotional support of said decedent, in an amount in excess of the minimum jurisdiction of this court. Plaintiff will seek leave of court to amend this Complaint to set forth the amount of said damages,

16

**COMPLAINT FOR DAMAGES**

1    according to proof at time of trial, together with interest and/or prejudgment

2    interest thereon at the legal lawful rate.

3  64.  As a further direct and proximate result of the negligence and other

4    wrongdoing of defendants, and each of them, and the death of decedent

5    Timmy Wayne Tillman, Plaintiff SEAN TILLMAN has sustained loss of

6    financial support, earnings, services, support and financial benefit of said

7    decedent, in an amount in excess of the minimum jurisdiction of this court.

8    Plaintiff will seek leave of court to amend this Complaint to set forth the

9    amount of said damages, according to proof at time of trial, together with

10    interest and/or prejudgment interest thereon at the legal lawful rate.

11  65.  As a further direct and proximate result of the negligence and/or other

12    wrongdoing of defendants, and each of them, and the death of the decedent

13    Timmy Wayne Tillman, Plaintiff SEAN TILLMAN has also sustained

14    incidental and/or consequential damages in an amount presently unknown.

15    Plaintiff will seek leave of court to amend this Complaint to set forth the

16    amount of said damages, according to proof at trial, together with interest

17    and/or prejudgment interest thereon at the legal lawful rate.

18  66.  Plaintiff will further seek prejudgment interest on all items of damages

19    including economic and non-economic damages. These will include, but are

20    not limited to, past and future medical expenses, any lost wages, any and all

21    incidental expenses and compensatory damages, as permitted by law.

22    **WHEREFORE,** Plaintiff hereby demands a trial by jury as to all counts

23  plead above and prays for judgments against the defendants, and each of them as

24  follows:

25    A.    General damages in a sum according to proof;

26    B.    Household services, gifts and/or benefits incurred and to be incurred;

27    C.    Loss of financial support incurred and to be incurred according to

28    proof;

17

**COMPLAINT FOR DAMAGES**

WILCOXEN CALLAHAN MONTGOMERY & DEACON
2114 K Street, Sacramento, California 95816

D.   Loss of love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance;

E.   For exemplary or punitive damages as may be deemed just and proper;

F.   For interest provided by law.

G.   Costs of suit and, for such other and further relief as the court deems proper.

DATED: 3 24 09

**WILCOXEN, CALLAHAN, MONTGOMERY & DEACON**

By:
DANIEL E. WILCOXEN, dwilcoxen@wilcoxenlaw.com
WILLIAM M. LYONS, blyons@wilcoxenlaw.com
DREW M. WIDDERS, dwidders@wilcoxenlaw.com
Attorneys for Plaintiff

WILCOXEN CALLAHAN MONTGOMERY & DEACON
2114 K Street, Sacramento, California 95816

18

**COMPLAINT FOR DAMAGES**

ORIGINAL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Rosalyn M. Chapman.

The case number on all documents filed with the Court should read as follows:

### CV09- 2017 GW (RCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

WILCOXEN, CALLAHAN, & MTGOMERY &
DEACON
DANIEL E. WILCOXEN
WILLIAM M. LYONS
DREW M. WIDDERS
2114 K Street
Sacramento, CA   95816

**NO EMAIL PROVIDED**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| SEAN TILLMAN, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | CV   09   -   02017   GW |
| RENEE TILLMAN aka RENEE CHICINO; RHEINGOLD, VALET, RHEINGOLD; SHKOLNIK & McCARTNEY, LLP; PAUL RHEINGOLD; HUNTER J. SHKOLNIK; FREIGHTLINER, LLC; and DOES 1 to 10, inclusive, DEFENDANT(S). | SUMMONS |

RENEE TILLMAN aka RENEE CHICINO; RHEINGOLD, VALET,
RHEINGOLD, SHKOLNIK & McCARTNEY, LLP; PAUL RHEINGOLD;
TO:   DEFENDANT(S): HUNTER J. SHKOLNIK; FREIGHTLINER, LLC; and DOES 1 to 10

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, WILCOXEN CALLAHAN MONTGOMERY & DEACON _____, whose address is 2114 K Street, Sacramento, CA   95816 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**TERRY NAFISI**

Clerk, U.S. District Court

Dated: ___ MAR 24 2009

By: ___ Murruy
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) SEAN TILLMAN<br><br>NO EMAIL PROVIDED | DEFENDANTS RENEE TILLMAN aka RENEE CHICINO, RHEINGOLD VAULT; RHEINGOLD, SIKOLNIK & McCARTNEY, LLP; PAUL RHEINGOLD; HUNTER J. SOKOLNIK, FREIGHTLINER, LLC, and DOES 1 through 10, incl |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>WILCOXEN, CALLAHAN, MONTGOMERY & DEACON<br>2114 K Street<br>Sacramento, CA 95816 | Attorneys (If Known)<br>Unknown<br><br>**FILED BY FAX<br>CRC 2005** |

II. BASIS OF JURISDICTION (Place an X in one box only.)

III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|
| □ 1 U.S. Government Plaintiff | □ 2 Federal Question (U.S. Government Not a Party) | Citizen of This State | ☑1 | □1 | Incorporated or Principal Place of Business in this State | □4 | □4 |
| □ 3 U.S. Government Defendant | ☑4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | □2 | ☑2 | Incorporated and Principal Place of Business in Another State | □5 | □5 |
| | | Citizen or Subject of a Foreign Country | □3 | □3 | Foreign Nation | □6 | □6 |

IV. ORIGIN (Place an X in one box only.)

☑1 Original Proceeding   □2 Removed from State Court   □3 Remanded from Appellate Court   □4 Reinstated or Reopened   □5 Transferred from another district (specify):   □6 Multi-District Litigation   □7 Appeal to District Judge from Magistrate Judge

V. REQUESTED IN COMPLAINT:   JURY DEMAND: ☑Yes   □No (Check 'Yes' only if demanded in complaint.)   General Damages in

CLASS ACTION under F.R.C.P. 23: □Yes ☑No        ☑ MONEY DEMANDED IN COMPLAINT: $ Excess of $75,000.00

VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Wrongful Death, Products Liability, Negligence, Constructive Trust, Interference with Prospective Economic Advantage, and Fraud

VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □400 State Reapportionment | □110 Insurance | □310 Airplane | □370 Other Fraud | □510 Motions to Vacate Sentence Habeas Corpus | □710 Fair Labor Standards Act |
| □410 Antitrust | □120 Marine | □315 Airplane Product Liability | □371 Truth in Lending | | □720 Labor/Mgmt. Relations |
| □430 Banks and Banking | □130 Miller Act | □320 Assault, Libel & Slander | □380 Other Personal Property Damage | □530 General | □730 Labor/Mgmt. Reporting & |
| □450 Commerce/ICC Rates/etc. | □140 Negotiable Instrument | □330 Fed. Employers' Liability | □385 Property Damage Product Liability | □535 Death Penalty □540 Mandamus/ | Disclosure Act |
| □460 Deportation | □150 Recovery of Overpayment & | □340 Marine | | Other | □740 Railway Labor Act |
| □470 Racketeer Influenced and Corrupt Organizations | Enforcement of Judgment | □345 Marine Product Liability | BANKRUPTCY | □550 Civil Rights | □790 Other Labor Litigation |
| □480 Consumer Credit | □151 Medicare Act | □350 Motor Vehicle | □422 Appeal 28 USC 158 | □555 Prison Condition | □791 Empl. Ret. Inc. |
| □490 Cable/Sat TV | □152 Recovery of Defaulted Student Loan (Excl. Veteran) | □355 Motor Vehicle Product Liability | □423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | Security Act |
| □810 Selective Service | □153 Recovery of Overpayment of | □360 Other Personal Injury | CIVIL RIGHTS | □610 Agriculture □620 Other Food & | PROPERTY RIGHTS |
| □850 Securities/Commodities/ Exchange | Veteran's Benefits | □362 Personal Injury- Med Malpractice | □441 Voting □442 Employment | Drug □625 Drug Related | □820 Copyrights □830 Patent |
| □875 Customer Challenge 12 USC 3410 | □160 Stockholders' Suits | □365 Personal Injury- Product Liability | □443 Housing/Accommodations | Seizure of Property 21 USC | □840 Trademark SOCIAL SECURITY |
| □890 Other Statutory Actions | □190 Other Contract | □368 Asbestos Personal Injury Product | □444 Welfare | 881 | □861 HIA (1395ff) |
| □891 Agricultural Act | □195 Contract Product Liability | Liability | □445 American with Disabilities - | □650 Airline Regs | □862 Black Lung (923) |
| □892 Economic Stabilization Act | □196 Franchise | IMMIGRATION | Employment | □660 Occupational | □863 DIWC/DIWW (405(g)) |
| □893 Environmental Matters | REAL PROPERTY | □462 Naturalization Application | □446 American with Disabilities - | Safety/Health | □864 SSID Title XVI |
| □894 Energy Allocation Act | □210 Land Condemnation | □463 Habeas Corpus- | Other | □690 Other | □865 RSI (405(g)) |
| □895 Freedom of Info. Act | □220 Foreclosure | Alien Detainee | □440 Other Civil | | FEDERAL TAX SUITS |
| □900 Appeal of Fee Determination Under Equal Access to Justice | □230 Rent Lease & Ejectment □240 Torts to Land | □465 Other Immigration Actions | Rights | | □870 Taxes (U.S. Plaintiff or Defendant) |
| □950 Constitutionality of State Statutes | □245 Tort Product Liability □290 All Other Real Property | | | | □871 IRS-Third Party 26 USC 7609 |

| FOR OFFICE USE ONLY: | Case Number: CV 09 - 02017 GW RCx |
|---|---|

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

American LegalNet, Inc. www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): ___

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑Yes
If yes, list case number(s): U.S. District Court, Central District 30-00078

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☑A. Arise from the same or closely related transactions, happenings, or events; or

    ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

    ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

    ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Plumas County |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country | |
|---|---|---|
| Rheingold, Valet, Rheingold, Shkolnik & McCartney - Riverside | Freightliner - Delaware<br>Renee Tillman/Chicino - Arizona<br>Paul Rheingold - New York | Hunter J. Shkolnik - New York |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _William M Lyon_  Date ___3 24 09___

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

ORIGINAL