# PRIORITY SEND

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

Case No.   CV 09-02017 VAP (RCx)                    Date:  December 17, 2009

Title:   SEAN TILLMAN -*v*- RENEE TILLMAN, et al.
=============================================================
PRESENT:          HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

|  |  |
|---|---|
| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR          ATTORNEYS PRESENT FOR
PLAINTIFFS:                    DEFENDANTS:

          None                      None

PROCEEDINGS:          MINUTE ORDER (1) GRANTING IN PART AND DENYING
                      IN PART MOTION TO DISMISS;(2) DENYING MOTION TO
                      STRIKE; AND (3) VACATING DECEMBER 21, 2009
                      HEARING (IN CHAMBERS)

     This action arises out of an earlier lawsuit in which Defendant Renee Tillman
("Defendant") successfully sued Defendant Freightliner LLC, now known as Daimler
Trucks North America, LLC ("Daimler") for the wrongful death of her husband,
Timmy Tillman.  Plaintiff Sean Tillman ("Plaintiff"), Decedent's son from a previous
marriage, now brings this action alleging, inter alia, that Defendant wrongfully
excluded him from the prior litigation, and asserting similar claims for wrongful death
against Daimler.  Defendant now moves to dismiss two of the three claims asserted
against her and to strike certain portions of Plaintiff's Second Amended Complaint.
Defendant's Motions are appropriate for resolution without a hearing.  See Fed. R.

MINUTES FORM 11                          Initials of Deputy Clerk ___md___
CIVIL -- GEN                  Page 1

CV 09-02017 VAP (RCx)
SEAN TILLMAN v RENEE TILLMAN, et al.
MINUTE ORDER of December 17, 2009

Civ. P. 78; Local R. 7-15.  After reviewing and considering all papers filed in support of and in opposition to the Motions, the Court GRANTS the Motion to Dismiss in part and DENIES the Motion to Strike.

# I. BACKGROUND

## A.    Plaintiff's Allegations

Plaintiff's father died on January 19, 2002.  ("Second Amended Compl. ("SAC") ¶ 4.)  In 2003, Defendant brought a wrongful death action (the "Underlying Action") against Daimler.  (Id. ¶ 6.)  Defendant prevailed in that action, and was awarded damages in the amount of $8,010,000.00, later reduced on appeal to $4,010,368.00.  (Id. ¶ 8.)  Defendant did not join Plaintiff as a party to that action. (Id. ¶ 35.)

## B.    Procedural History

Plaintiff filed his original Complaint on March 24, 2009 and a First Amended Complaint on September 14, 2009.  On October 26, 2009, the Court dismissed Plaintiff's claims against Defendant in the First Amended Complaint and granted Plaintiff leave to amend for the sole purpose of alleging a claim against Defendant for breach of a mandatory duty to join Plaintiff.  Plaintiff filed his Second Amended Complaint on November 6, 2009.

The Second Amended Complaint asserts the following claims: (1) fraud, deceit and concealment; (2) intentional breach of legally imposed duty; (3) negligence;[1] (4) strict liability in tort — wrongful death; (5) strict products liability — failure to warn; and (6) wrongful death — negligence.  Only claims one, two, and three are asserted against Defendant.

On November 25, 2009, Defendant filed a Motion to Dismiss Plaintiff's Second Amended Complaint and a Motion to Strike Portions of Plaintiff's Second Amended Complaint and noticed a hearing on those motions for December 21, 2009.

_____

[1]Though titled simply "Negligence," Plaintiff's third claim appears to be founded on allegations that Defendant breached her mandatory duty to join Plaintiff in the Underlying Action.  (SAC ¶ 45.)

MINUTES FORM 11                                        Initials of Deputy Clerk ___md___
CIVIL -- GEN                    Page 2

CV 09-02017 VAP (RCx)
SEAN TILLMAN v RENEE TILLMAN, et al.
MINUTE ORDER of December 17, 2009

Plaintiff's Oppositions to and Defendant's Replies in support of both motions were timely filed.

## II. LEGAL STANDARD

### A.   Motion to Dismiss

Under Rule 12(b)(6), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted.  As a general matter, the Federal Rules require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In addition, the Court must accept all material allegations in the complaint - as well as any reasonable inferences to be drawn from them - as true.  See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of her 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic, 550 U.S. at 555 (citations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  Id.

In other words, the allegations must be plausible on the face of the complaint.  See Ashcroft v. Iqbal, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id. (citations and internal quotations omitted).

Although the scope of review is limited to the contents of the complaint, the Court may also consider exhibits submitted with the complaint, Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take

MINUTES FORM 11                              Initials of Deputy Clerk ___md___
CIVIL -- GEN                    Page 3

CV 09-02017 VAP (RCx)
SEAN TILLMAN v RENEE TILLMAN, et al.
MINUTE ORDER of December 17, 2009

judicial notice of matters of public record outside the pleadings," Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988).  A court "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice."  Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

## B.    Motion to Strike

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

"Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic."  Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003) (citations omitted).  "Given their disfavored status, courts often require 'a showing of prejudice by the moving party' before granting the requested relief."  Id. (quoting Sec. & Exch. Comm'n v. Sands, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995)).

In determining whether to grant a motion to strike, a district court views the pleadings in the light most favorable to the non-moving party.  California Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (citation omitted).  Whether to grant a motion to strike is within the sound discretion of the district court.  Id. (citing Fantasy Inc., 984 F.2d 1524, 1528 (9th Cir. 1993)).

CV 09-02017 VAP (RCx)
SEAN TILLMAN v RENEE TILLMAN, et al.
MINUTE ORDER of December 17, 2009

## III. DISCUSSION

### A.    Motion to Dismiss

As Plaintiff notes, Defendant has only moved to dismiss two of the three claims asserted against her in the Second Amended Complaint.[2]

Defendant moves to dismiss Plaintiff's first claim for relief as beyond the scope of the leave to amend the Court granted Plaintiff in its October 26, 2009 Order.  (See Mot. at 4:18–5:9.)  The Court agrees that Plaintiff's first claim should be dismissed. As made clear in its October 26, 2009 Order, the Court granted Plaintiff leave to amend solely for the purpose of asserting a claim for breach of a mandatory duty to join, not for the purpose of asserting a claim for fraud or concealment.

Defendant moves to dismiss Plaintiff's second claim for relief on the grounds that (1) it also exceeds the scope of the Court's October 26, 2009 Order granting Plaintiff leave to amend, (see Mot. at 4:18–5:9); and (2) Plaintiff fails to allege that Defendant both knew about her legal duty to join Plaintiff and "intentionally chose to breach that duty."  (Mot. at 7:4–20.)

As to Defendant's first argument, Plaintiff's second claim appears to be within the scope of the Court's October 26, 2009 Order, as it is based on a breach of Defendant's mandatory duty to join Plaintiff in the Underlying Action.

Defendant's second argument also fails.  Defendant cites no authority for the proposition that an omitted heir in a wrongful death action must show that the successful heir was subjectively aware of and intended to breach her legal obligation

---

[2]Defendant's argument in her Reply that "Plaintiff has chosen to call the validity of his negligence claim into question" and the Court should accordingly "exercise its authority to dismiss Plaintiff's negligence claim sua sponte for failure to state a claim," (Reply at 3:17–20), is not well-taken.  Defendant did not include any argument in her opening brief that Plaintiff's third claim for relief should be dismissed.  This argument has been waived.  See United States ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1199 n.1 (9th Cir. 2009).

MINUTES FORM 11                                     Initials of Deputy Clerk ___md___
CIVIL -- GEN                    Page 5

CV 09-02017 VAP (RCx)
SEAN TILLMAN v RENEE TILLMAN, et al.
MINUTE ORDER of December 17, 2009

to join all heirs as an element of a claim for wrongful omission, and the Court has located no such authority.  Generally, "ignorance of the law is not a defense to a charge of its violation."  Hale v. Morgan, 22 Cal. 3d 388, 396 (1978).  Accordingly, even if the Court could take judicial notice of Defendant's asserted fact that she is "an unsophisticated litigant" — which the Court cannot — such a fact would be entirely irrelevant.

## B.   Motion to Strike

Defendant generally moves to strike three categories of allegations in the Second Amended Complaint: (1) allegations that Defendant argues are factually contrary to the Court's findings in previous orders in this case; (2) Plaintiff's request for punitive damages; and (3) Plaintiff's request for attorney's fees and prejudgment interest.

With respect to the allegations in the Second Amended Complaint that Defendant asserts are contrary to this Court's earlier orders, Defendant's argument fails.  Defendant fails to establish that these allegations are redundant, immaterial, impertinent, or scandalous, or that Defendant is unfairly prejudiced by them.

Defendant's argument also fails with respect to Plaintiff's request for punitive damages.  Defendants argue that Plaintiff fails to plead adequately a request for punitive damages.  Motions to strike requests for punitive damages will be granted pursuant to Rule 12(f) if such relief cannot be recovered under the applicable law.  See, e.g., Torrance Redevelopment Agency v. Solvent Coating Co., 763 F. Supp. 1060, 1067–68 (C.D. Cal. 1991).  In California, punitive damages are only available against defendants "guilty of oppression, fraud, or malice."  Cal. Civ. Code § 3294(a).  Under federal law, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b); see also Clark v. State Farm Mut. Auto. Ins. Co., 231 F.R.D. 405, 406 (C.D. Cal. 2005).  With respect to the malice necessary to support a claim for punitive damages, conclusory pleading is sufficient.  Clark, 231 F.R.D. at 406.  Plaintiff has made conclusory allegations that Defendant acted with malice.  (See SAC ¶ 30.)  That is all that is required of him.

MINUTES FORM 11                                    Initials of Deputy Clerk ___md___
CIVIL -- GEN                    Page 6

CV 09-02017 VAP (RCx)
SEAN TILLMAN v RENEE TILLMAN, et al.
MINUTE ORDER of December 17, 2009

     Finally, Defendant's argument fails with respect to Plaintiff's request for attorney's fees and prejudgment interest.  Defendant fails to establish that Plaintiff's request for such relief is redundant, immaterial, impertinent, or scandalous, or that Defendant is unfairly prejudiced by them.

## IV. CONCLUSION

For the foregoing reasons, the Court rules as follows:

(1)    The Court GRANTS Defendant's Motion to Dismiss Plaintiff's first claim for relief.

(2)    The Court DENIES Defendant's Motion to Dismiss Plaintiff's second claim for relief.

(3)    The Court DENIES Defendant's Motion to Strike in its entirety.

**IT IS SO ORDERED.**