◯   **PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   CV 09-02017 VAP (RCx)                    Date:  August 17, 2010

Title:     SEAN TILLMAN -*v*- RENEE TILLMAN, et al.
=============================================================
PRESENT:         HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

        Marva Dillard                          None Present
        Courtroom Deputy                       Court Reporter

ATTORNEYS PRESENT FOR              ATTORNEYS PRESENT FOR
PLAINTIFFS:                        DEFENDANTS:

        None                               None

PROCEEDINGS:      MINUTE ORDER GRANTING DEFENDANT KEVIN
                  BOYLE'S MOTION TO DISMISS (IN CHAMBERS)

## I. BACKGROUND

**A.    Factual Allegations**

On January 19, 2002, Timmy Wayne Tillman ("Decedent") died in a single-vehicle accident in Riverside County when he became trapped inside his truck after it caught fire.  (Second Am. Third Party Compl. ("SATPC") ¶ 10.)  The truck was manufactured by Freightliner, LLC, now known as Daimler Trucks North America LLC ("Daimler").[1]  (Id. ¶ 11.)

---

[1]Although Daimler was known as Freightliner throughout the Underlying Action, the Court will refer to it as Daimler in this Order for ease of reference.

MINUTES FORM 11                         Initials of Deputy Clerk: jh-relief
CIVIL -- GEN                Page 1

CV 09-02017 VAP (RCx)
SEAN TILLMAN v RENEE TILLMAN, et al.
MINUTE ORDER of August 17, 2010

Renee Tillman, Decedent's wife, retained the law firm of Rheingold, Valet, Rheingold, Shkolnik & McCarthy, LLP (the "Rheingold Firm") to pursue a wrongful death action against Daimler.  (Id.)  The Rheingold Firm recommended Ms. Tillman also retain Brian Panish, then of the law firm Greene, Broillet & Wheeler, LLP (the "Greene Firm"), to serve as local California counsel.  (Id. ¶ 12.)  Based on this recommendation, Ms. Tillman also retained Mr. Panish.  (Id.)

On January 17, 2003, Ms. Tillman's attorneys filed a complaint in this Court against Daimler for wrongful death, Case No. 03-cv-78 (the "Underlying Action").  (Id. ¶ 14.)  Kevin Boyle, also then an attorney with the Greene Firm, signed the complaint in the Underlying Action.  (Id. ¶ 15.)  Ms. Tillman's attorneys did not join Sean Tillman, Decedent's son by a previous marriage, as a party to the Underlying Action, nor did they advise her that she had a duty to join all heirs in the Underlying Action, nor that she may be held liable to an omitted heir for omitting that heir from the Underlying Action.  (Id. ¶ 24–25.)  Daimler also made no efforts to join Sean Tillman in the Underlying Action.  (Id.)  All parties to the Underlying Action were aware of Sean Tillman's existence.  (Id.)

In March 2005, after trial of Ms. Tillman's claims against Daimler, the jury found in favor of Ms. Tillman and awarded her damages in the amount of $8,010,000.00.  (Id. ¶ 19.)

In October 2005, Mr. Panish and Kevin Boyle left the Greene Firm to form a new law firm, known as Panish, Shea & Boyle LLP (the "Panish Firm").  (Id. ¶ 21.)  The Panish Firm replaced the Greene Firm as local counsel for Ms. Tillman, and the Greene Firm relinquished any right to fees it had in connection with the Underlying Action in favor of the Panish Firm.  (Id.)

On August 9, 2007, the Ninth Circuit reduced the amount of the judgment.  (Id. ¶ 22.)  Daimler ultimately paid Ms. Tillman $4,950,000.00 in satisfaction of the reduced judgment.  (Id.)  Ms. Tillman paid legal fees to the Rheingold Firm in the amount of $1,078,470.84, and to the Panish Firm in the amount of $231,140.89.  (Id. ¶ 23.)

MINUTES FORM 11                                              Initials of Deputy Clerk: jh-relief
CIVIL -- GEN                    Page 2

CV 09-02017 VAP (RCx)
SEAN TILLMAN v RENEE TILLMAN, et al.
MINUTE ORDER of August 17, 2010

## B.    Procedural History

On March 24, 2009, Sean Tillman filed this action naming Daimler, Ms. Tillman, and the Rheingold Firm as defendants, and asserting, inter alia, claims against Ms. Tillman arising out of her failure to join him in the Underlying Action.

On January 22, 2010, Ms. Tillman filed a Third Party Complaint against the Rheingold Firm, the Panish Firm, the Greene Firm, and Mr. Boyle individually.  Ms. Tillman filed a First Amended Third Party Complaint on February 9, 2010, and a Second Amended Third Party Complaint on May 24, 2010, including claims against all her attorneys for legal malpractice, against the Panish Firm for charging an unconscionable fee, and against Mr. Boyle for fiduciary fraud.

On June 28, 2010, the Court granted the Rheingold Firm's motion to compel arbitration of Ms. Tillman's claims against it, and stayed this action with respect to those claims.

Mr. Boyle filed this Motion to Dismiss ("Motion") on June 2, 2010, and noticed a hearing date of July 19, 2010, which was later continued to August 9, 2010.  Ms. Tillman's Opposition and Mr. Boyle's Reply were filed timely.  At the hearing on August 9, 2010, the Court indicated it would take the matter under submission without hearing argument.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted.  As a general matter, the Federal Rules require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In addition, the Court must accept all material allegations in the complaint - as well as any reasonable inferences to be drawn from them - as true.  See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005).

Allegations of fraud, however, must meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  Rule 9(b) applies to all averments of fraud in a complaint, whether or not fraud is an essential element of a claim for relief.  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103–04 (9th Cir. 2003).

To satisfy the requirements of Rule 9(b), "[a] plaintiff must set forth *more* than the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or misleading about a statement, and why it is false."  Id. at 1106 (quotation omitted) (emphasis in original).  Such allegations "must be accompanied by the who, what, when, where, and how of the misconduct charged."  Id. (citation omitted, internal quotation omitted).  Specifically, the allegation must include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)).

The particularity requirement is satisfied if the complaint "identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations."  Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989).

Although the scope of review is limited to the contents of the complaint, the Court may also consider exhibits submitted with the complaint, Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988).  A court "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice."  Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

CV 09-02017 VAP (RCx)
SEAN TILLMAN v RENEE TILLMAN, et al.
MINUTE ORDER of August 17, 2010

## III. DISCUSSION

Through this Motion, Mr. Boyle only seeks dismissal of Ms. Tillman's claim against him for fiduciary fraud.[2]  As this is a claim for fraud, Ms. Tillman must satisfy the heightened pleading requirements of Rule 9(b).

Although not mentioned in the Second Amended Third Party Complaint, Ms. Tillman argues her claim for "fiduciary fraud" is one for "constructive fraud," and is based on California Civil Code section 1573.  Section 1573 provides, in relevant part, that "[c]onstructive fraud consists . . . [i]n any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him."  "To state a claim for constructive fraud, a party must allege (1) a fiduciary or confidential relationship; (2) an act, omission or concealment involving a breach of that duty; (3) reliance; and (4) resulting damage." Dealertrack, Inc. v. Huber, 460 F. Supp. 2d 1177, 1183 (C.D. Cal. 2006).

Mr. Boyle attacks the second element of Ms. Tillman's constructive fraud claim, arguing that she has not alleged adequately any act, omission, or concealment by Mr. Boyle.[3]  (Mot. at 9:2–3.)

In response, Ms. Tillman articulates two theories under which Mr. Boyle's alleged conduct satisfies this element.  Ms. Tillman generally maintains that Mr.

---

[2]Mr. Boyle addresses this claim both as one for actual and constructive fraud in the Motion.  As Ms. Tillman disavows any claim for actual fraud, (see Opp'n at 1:11–2), the Court does not consider whether or not she has pled such a claim sufficiently.

[3]The parties also dispute whether Ms. Tillman's attorneys have conceded that her claim for constructive fraud is meritless in conversations with Mr. Boyle's counsel.  In considering a motion to dismiss, the Court only looks to the sufficiency of the pleadings; any conversations the parties may have had concerning the merits of the asserted claims are immaterial to their sufficiency.  Accordingly, the Court does not consider this argument, or any evidence relating to it.

CV 09-02017 VAP (RCx)
SEAN TILLMAN v RENEE TILLMAN, et al.
MINUTE ORDER of August 17, 2010

Boyle failed to conduct a reasonable investigation of the facts and law of her case, and failed to adequately advise her on California law.  She argues that Mr. Boyle committed constructive fraud by (1) signing her Complaint in the Underlying Action, thereby effectively representing to Ms. Tillman that he had conducted an adequate investigation into the facts and law of her case when he had not; and (2) failing to disclose to Ms. Tillman his inadequate investigation of her claims.  Neither of these theories, however, describes an actionable act, omission, or concealment by Mr. Boyle.

To the extent Ms. Tillman argues that Mr. Boyle committed an affirmative misrepresentation by signing the complaint in the Underlying Action, her argument fails for two reasons.  First, by signing a complaint, an attorney makes a representation to a court, not to his client.  Ms. Tillman cites no authority for the proposition that by signing a complaint, an attorney makes a representation to his client.  Accordingly, assuming the truth of this allegation, it is the Court, not Ms. Tillman, which was misled.[4]

Second, and more importantly, though styled as a claim for constructive fraud, the gravamen of Ms. Tillman's claims are for legal malpractice.  In substance, Ms. Tillman alleges Mr. Boyle failed to investigate her case adequately and to advise her competently.  Such a failure is not transmuted into a claim for fraud through the act of signing a complaint, however.  See Kracht v. Perrin, Gartland & Doyle, 219 Cal. App. 3d 1019, 1022 (1990) ("Where the injury is suffered by reason of an attorney's professional negligence, the gravamen of the claim is legal malpractice, regardless of whether it is pled in tort or contract.").  To hold that an attorney may be sued for constructive fraud because he signed a complaint would effectively convert any claim for malpractice relating to an attorney's conduct in a lawsuit into one for constructive fraud.  The Court declines to adopt such a rule.  Certainly an attorney could both act negligently and mislead a client, thus giving rise to liability both for legal malpractice and constructive fraud.  He does not do so merely by signing a complaint, however.

_____

[4]The question of Mr. Boyle's compliance with Federal Rule of Civil Procedure 11 is not before the Court, and the Court does not address this issue.

MINUTES FORM 11                                    Initials of Deputy Clerk: jh-relief
CIVIL -- GEN                    Page 6

CV 09-02017 VAP (RCx)
SEAN TILLMAN v RENEE TILLMAN, et al.
MINUTE ORDER of August 17, 2010

  To the extent Ms. Tillman argues that Mr. Boyle committed constructive fraud by failing to disclose his inadequate investigation to her, her argument also fails. Again, the substance of Ms. Tillman's claim is for legal malpractice, a negligence claim.  <u>See</u> <u>Osornio v. Weingarten</u>, 124 Cal. App. 4th 304, 319 (2004) ("A legal malpractice action is . . . composed of the same elements as any other negligence claim, <u>i.e.</u>, 'duty, breach of duty, proximate cause, and damage.'") (citations omitted). Ms. Tillman cites no authority for the proposition that a claim for legal malpractice may be converted into one for constructive fraud because the attorney failed to disclose his own malpractice.  Such a rule would also convert every garden-variety malpractice claim into one for constructive fraud, as it is the rare attorney who will affirmatively disclose his own negligence.

## IV. CONCLUSION

  For the foregoing reasons, the Court GRANTS the Motion.  As Ms. Tillman's claim for fiduciary fraud could not be cured by amendment, and because Ms. Tillman has already had two previous opportunities to amend her Third Party Complaint to cure any deficiencies, the Court DISMISSES her third claim for relief without leave to amend.

  **IT IS SO ORDERED.**