1

2

3                                              O

4

5

6

7

8                UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11   SEAN TILLMAN,            )    Case No. CV 09-02017 VAP
                              )    (RCx)
12              Plaintiff,    )
                              )    **[Motion filed on June 28,**
13        v.                  )    **2010]**
                              )
14   RENEE TILLMAN, et al.,   )    **ORDER DENYING DEFENDANT'S**
                              )    **MOTION FOR SUMMARY JUDGMENT**
15              Defendants.   )
     _____)

16

17        The Court has received and considered all papers

18   filed in support of, and opposition to, Defendant Renee

19   Tillman's ("Defendant") motion for summary judgment

20   ("Motion"), and has considered the arguments of counsel

21   at the hearing on the Motion held on August 23, 2010.

22   For the reasons set forth below, the Court DENIES the

23   Motion.

24

25                      **I. BACKGROUND**

26   **A.   Uncontroverted Facts**

27        The following material facts are supported adequately

28   by admissible evidence and are uncontroverted.  They are

"admitted to exist without controversy" for the purposes
of this Motion.  See Local Rule 56-3.

     On January 19, 2002, Timmy Wayne Tillman ("Decedent")
died in a single-vehicle accident in Riverside County
when he became trapped inside his truck after it caught
fire.  (Second Am. Compl. ("SAC") ¶ 4; Answer ¶ 4; Second
Am. Third Party Compl. ("SATPC") ¶ 10; Answer to SATPC ¶
10.)  Decedent was survived by his wife Renee Tillman
("Defendant"), as well as Sean Tillman, his son by a
previous marriage, and his stepdaughters Brittani Melissa
Rose and Briana Tucker.[1]

     Defendant filed a lawsuit in 2002 in this Court, Case
No. 5:03-cv-78 VAP (SGL), against Freightliner, LLC[2] for,
inter alia, product liability and wrongful death (the
"Underlying Action").  Defendant ultimately obtained a
judgment of $8,010,000.00 against Freightliner, later
reduced to $4,010,368.00 by the Ninth Circuit on appeal.

_____

[1]Although Third Party Defendants Panish, Shea & Boyle
LLP (the "Panish Firm") and Kevin Boyle ("Third Party
Defendants") dispute the existence of Decedent's child
and stepchildren, arguing that Defendant has not provided
sufficient evidence of their existence, (see Stmt. of
Genuine Issues ("SGI") ¶ 1), the Court hereby takes
judicial notice of the existence of Sean Tillman — who is
also Plaintiff in this action — and Brittani Melissa Rose
and Briana Tucker as facts not subject to reasonable
dispute.  See Fed. R. Evid. 201(b).

[2]Freightliner, LLC is now known as Daimler Trucks
North America LLC ("Daimler").

1   No party to the Underlying Action joined Plaintiff
2   Sean Tillman as a party.[3]  Evidence concerning Plaintiff
3   was presented to the jury in the Underlying Action.
4   (Stmt. of Uncontroverted Facts ¶ 11; SGI ¶ 11.)

5

6   **B.  Procedural History**
7   On March 24, 2009, Plaintiff filed his Original
8   Complaint against Renee Tillman ("Defendant"); Rheingold,
9   Valet, Rheingold, Shkolnik & McCartney, LLP (the
10  "Rheingold Firm"); Paul Rheingold; Hunter J. Shkolnik;
11  and Freightliner, LLC.

12

13  On September 14, 2009, Plaintiff filed his First
14  Amended Complaint against the above-mentioned Defendants,
15  as well as Defendant Terrence McCartney (together with
16  the Rheingold Firm, Hunter J. Shkolnik, and Paul
17  Rheingold, the "Rheingold Defendants").  On October 26,
18  2010, the Court granted the Rheingold Defendants' motion
19  to dismiss the First Amended Complaint, and granted
20  Plaintiff leave to file a Second Amended Complaint.

21

22  Plaintiff filed his Second Amended Complaint on
23  November 6, 2009, asserting claims against Defendant for
24  "fraud, deceit and/or concealment" and "intentional

25

26  _____

27      [3]The identity of parties to the Underlying Action is
    a matter of public record, of which the Court can — and
28  does — take judicial notice.

breach of duty," and against Daimler[4] for wrongful death,
product liability, and negligence.  On December 17, 2009,
the Court granted Defendant's motion to dismiss
Plaintiff's claim for "fraud, deceit, and/or
concealment."  On July 6, 2010, Plaintiff and Daimler
filed a notice of settlement of Plaintiff's claims
against Daimler, and on July 16, 2010, the Court approved
a stipulation of dismissal of Plaintiff's claims against
Daimler.  On August 10, 2010, the Court granted the
Panish Firm's motion for summary judgment and dismissed
Plaintiff's sole remaining claim with prejudice.

Defendant separately filed a Third Party Complaint
against her attorneys in the Underlying Action, the
Rheingold Firm; the Panish Firm; Greene, Broillet, &
Wheeler, LLP (the "Greene Firm"); and Kevin Boyle.
Defendant filed a First Amended Third Party Complaint on
February 9, 2010, and a Second Amended Third Party
Complaint on May 24, 2010, asserting claims against these
same third party defendants for (1) negligence - legal
malpractice; (2) return of an unconscionable fee; and (3)
fiduciary fraud.  Defendant's claim for legal malpractice
arises out of the failure to join Plaintiff as a party to
the Underlying Action.

_____

   [4]Plaintiff again named "Freightliner, LLC" in his
Second Amended Complaint despite the change in that
entity's name.

4

On June 28, 2010, Defendant filed this Motion for Summary Judgment ("Motion"), and noticed a hearing for August 23, 2010.  The Greene and Panish Firms' Oppositions and Defendant's Reply were filed timely.[5]

## II. LEGAL STANDARD

A motion for summary judgment shall be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The moving party must show that "under the governing law, there can be but one reasonable conclusion as to the verdict."  Anderson, 477 U.S. at 250.

Generally, the burden is on the moving party to demonstrate that it is entitled to summary judgment. Margolis v. Ryan, 140 F.3d 850, 852 (9th Cir. 1998); Retail Clerks Union Local 648 v. Hub Pharmacy, Inc., 707 F.2d 1030, 1033 (9th Cir. 1983).  The moving party bears the initial burden of identifying the elements of the claim or defense and evidence that it believes demonstrates the absence of an issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

---

[5]Defendant additionally filed objections to evidence submitted by the Panish Firm in opposition to Defendant's Motion.  The Court does not rely on any such evidence in considering the Motion, however.  Accordingly, Defendant's objections are moot.

1    Where the non-moving party has the burden at trial,
2  however, the moving party need not produce evidence
3  negating or disproving every essential element of the
4  non-moving party's case.  Id. at 325.  Instead, the
5  moving party's burden is met by pointing out that there
6  is an absence of evidence supporting the non-moving
7  party's case.  Id.  The burden then shifts to the non-
8  moving party to show that there is a genuine issue of
9  material fact that must be resolved at trial.  Fed. R.
10  Civ. P. 56(e); Celotex, 477 U.S. at 324; Anderson, 477
11  U.S. at 256.  The non-moving party must make an
12  affirmative showing on all matters placed in issue by the
13  motion as to which it has the burden of proof at trial.
14  Celotex, 477 U.S. at 322; Anderson, 477 U.S. at 252.  See
15  also William W. Schwarzer, A. Wallace Tashima & James M.
16  Wagstaffe, Federal Civil Procedure Before Trial § 14:144
17  (2010).  A defendant has the burden of proof at trial
18  with respect to any affirmative defense.  Payan v.
19  Aramark Mgmt. Servs. Ltd. P'ship, 495 F.3d 1119, 1122
20  (9th Cir. 2007).

21

22    A genuine issue of material fact will exist "if the
23  evidence is such that a reasonable jury could return a
24  verdict for the nonmoving party."  Anderson, 477 U.S. at
25  248.  In ruling on a motion for summary judgment, the
26  Court construes the evidence in the light most favorable
27  to the non-moving party.  Barlow v. Ground, 943 F.2d
28

1  1132, 1135 (9th Cir. 1991); <u>T.W. Elec. Serv. Inc. v. Pac.</u>

2  <u>Elec. Contractors Ass'n</u>, 809 F.2d 626, 630-31 (9th Cir.

3  1987).

4

5                     **III. DISCUSSION**

6       Through this Motion, Defendant seeks (1) summary

7  judgment of Plaintiff's claims against her; (2) summary

8  adjudication of the question of whether the Green and

9  Panish Firms breached their duty to her; and (3) summary

10  adjudication of Daimler's "waiver of the one action

11  rule."  The Court already has dismissed Plaintiff's

12  Second Amended Complaint with prejudice; accordingly, to

13  the extent Defendant seeks summary judgment as to

14  Plaintiff's claims against her, her Motion is moot.

15  Furthermore, Defendant has not asserted any claims

16  against Daimler, and the Court has already dismissed

17  Daimler's cross-claims against her without leave to

18  amend.  (Docket No. 109.)  Accordingly, no claims or

19  defenses exist between Defendant and Daimler for the

20  Court to adjudicate.  Therefore, the only issue presented

21  to the Court in this Motion is whether or not the Third

22  Party Defendants were negligent in their representation

23  of Defendant in the Underlying Action.

24

25       "A legal malpractice action is . . . composed of the

26  same elements as any other negligence claim, <u>i.e.</u>, 'duty,

27  breach of duty, proximate cause, and damage.'"  <u>Osornio</u>

28

7

1  v. Weingarten, 124 Cal. App. 4th 304, 319 (2004).  "In
2  negligence cases arising from the rendering of
3  professional services, as a general rule the standard of
4  care against which the professional's acts are measured
5  remains a matter peculiarly within the knowledge of
6  experts.  Only their testimony can prove it, unless the
7  lay person's common knowledge includes the conduct
8  required by the particular circumstances."  Unigard Ins.
9  Group v. O'Flaherty & Belgum, 38 Cal. App. 4th 1229, 1239
10 (1995); see also Wilkinson v. Rives, 116 Cal. App. 3d
11 641, 648 (1981) (holding that where there was no expert
12 testimony on the standard of care and an attorney's
13 performance in relation to that standard, there was "no
14 evidence from which the trier of fact could have found
15 negligence").
16
17     Defendant has provided the Court with no expert
18 testimony concerning either the standard of care or the
19 Third Party Defendants' performance in relation to that
20 standard.  Accordingly, she fails to meet her burden of
21 showing she is entitled to summary adjudication on the
22 issue of whether or not these firms breached their duty
23 of care in representing her in the Underlying Action.
24
25     Defendant's argument that she is not required to
26 present expert testimony because the Third Party
27 Defendants' breach of duty is so clear that as to be
28

8

easily understood by a lay person is unpersuasive.  (See Reply at 7:15-8:16.)  A lay person's common knowledge includes neither the duty to join all heirs in a single action for wrongful death, nor the steps that reasonably competent counsel should undertake in performing that duty.  Accordingly, expert testimony is necessary as to both the standard of care and whether or not the Panish and Greene Firms' conduct breached that standard.  See Unigard, 38 Cal. App. 4th at 1239; Wilkinson, 116 Cal. App. 3d at 648 .

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES the Motion.

Dated:  September 2, 2010

VIRGINIA A. PHILLIPS
United States District Judge